**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 South Third Street
Las Vegas, NV 89101
T: 702.252.0055
F: 702.248.0055
litigation@ladahlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEANDRE MICHAEL HOWARD,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; JIMMY MCKINNY; MARK NEIRA; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>          Defendants. | CASE NO:<br><br>**JURY DEMANDED** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, DEANDRE MICHAEL HOWARD, by and through his counsel of record, RAMZY P. LADAH, ESQ., with the LADAH LAW FIRM, and for his Complaint against the Defendant, UNITED STATES OF AMERICA, states as follows:

**INTRODUCTION**

1. This is an action against the Defendant, UNITED STATES OF AMERICA, under the Federal Tort Claims Act, (28 USC §2671, *et seq.*), for negligence in connection with a motor vehicle collision, which occurred on June 29, 2020, between Plaintiff, DEANDRE MICHAEL HOWARD, and operated by a Federal Bureau of Investigation employee, Defendant, MARK NEIRA.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort

1

Claims Act (28 USC §2671, *et seq.*), for money damages as compensation for personal injuries caused by the negligent act of an employee of the United States Postal Service while acting within the scope of his employment.

3. Plaintiff has fully complied with the provisions of 28 USC §2675 of the Federal Tort Claims Act.

4. This suit has been timely filed under 28 USC §2401(b), in that suit is being filed within two (2) years after the incident forming the basis of the suit and after the United States Postal Service failed to respond within a period of six (6) months after the claim was first presented to the United States Postal Service.

5. Plaintiff first presented his claim for money damages to the United States Department of Justice on May 10, 2021. The United States Department of Justice denied the claim on June 17, 2021, and thus deemed a final denial of the claim under 28 USC §2675(a).

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is, and at all times relevant hereto was, a resident of Clark County, Nevada.

7. Defendant, UNITED STATES OF AMERICA, through its agency, the Federal Bureau of Investigation ("FBI"), had offices and vehicles throughout Clark County, Nevada at all times relevant to this Complaint.

8. At all times relevant to this Complaint, Defendant MARK NEIRA was employed by, and working in the course and scope of his employment with Defendant, UNITED STATES OF AMERICA. Furthermore, Defendant, UNITED STATES OF AMERICA, is responsible for negligent acts of its employees and agents under respondeat superior and 28 USC §2674. Additionally, it is alleged that the owner of the vehicle, Defendant, JIMMY MCKINNY, was also an employee of the Defendant, UNITED STATES OF AMERICA.

9. Jurisdiction is proper under 28 USC §1346(b)(1).

10. Venue is proper under 28 USC §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Nevada.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, particularly on June 29, 2020, Plaintiff was the operator of a 1992 Ford Mustang, which was travelling southbound on N. Martin Luther King Blvd., all in Clark County, State of Nevada.

12. At all times relevant hereto, Defendant, MARK NEIRA, was operating the vehicle, a 2015 Ford Taurus, while in the course and scope of his employment and with the consent, permission and acquiescence of Defendant, UNITED STATES OF AMERICA.

13. At all times relevant hereto, Defendant, MARK NEIRA, was the operator of the vehicle, which was traveling southbound on N. Martin Luther King Blvd., all in Clark County, State of Nevada.

14. At all times relevant hereto, Defendant, MARK NEIRA, failed to keep a proper lookout when he failed to slow and crashed into the rear of Plaintiff's vehicle.

15. At all times relevant hereto, Plaintiff sustained significant injuries as a result of Defendant driver's actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
### (Negligence / Negligence Per Se)

16. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

17. At all times relevant hereto, Defendant driver's negligence caused the collision between Plaintiff's vehicle and the vehicle driven by Defendant, MARK NEIRA, resulting in significant injuries to Plaintiff.

18. At all times relevant hereto, Nevada Revised Statutes were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

19. As direct and proximate result of the negligent actions of Defendant, MARK NEIRA, Defendant MARK NEIRA violated Nevada Revised Statutes and is, therefore, negligent per se.

20. As direct and proximate result of the negligent actions of Defendant, MARK NEIRA, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his people, all of which have caused and will continue to cause Plaintiff pain and suffering.

21. As direct and proximate result of the negligent actions of Defendant, MARK NEIRA, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and possible future medical expenses, all to Plaintiff's general and special damages.

22. As direct and proximate result of the negligent actions of Defendant, MARK NEIRA, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

23. The acts and/or omissions set forth above would constitute a claim under the law of the State of Nevada.

24. The Defendant is liable pursuant to 28 USC 1346(b)(1).

## SECOND CAUSE OF ACTION
**(Respondeat Superior / Vicarious Liability)**

25. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

26. At all times relevant hereto, Defendant, MARK NEIRA, was acting within the course and scope of his employment, services or agency with Defendant, UNITED STATES OF AMERICA.

27. At all times relevant hereto, Defendant, MARK NEIRA, was acting within the course and scope of his employment, services or agency with Defendant, UNITED STATES OF AMERICA, when the subject collision occurred and acted negligently, thus the Defendant, UNITED STATES OF AMERICA, is vicariously liable for the injuries sustained by Plaintiff as

alleged above.

28. As direct and proximate result of the negligent actions of Defendant, MARK NEIRA, Plaintiff has incurred, and continues to incur, emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and possible future medical expenses, all to Plaintiff's general and special damages.

29. As direct and proximate result of the negligent actions of Defendant, MARK NEIRA, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

30. The acts and/or omissions set forth above would constitute a claim under the law of the State of Nevada.

31. The Defendant is liable pursuant to 28 USC 1346(b)(1).

### THIRD CAUSE OF ACTION
**(Negligent Entrustment / Joint & Several Liability / Agency)**

32. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

33. At all times relevant hereto, the Defendant, JIMMY MCKINNY, and/or the Defendant, UNITED STATES OF AMERICA, owned, maintained, and controlled Defendant's car, which was driven by Defendant, MARK NEIRA.

34. At all times relevant hereto, Defendants, UNITED STATES OF AMERICA, and/or JIMMY MCKINNY, or by their employees, agents or assigns, negligently, carelessly and recklessly allowed Defendant, MARK NEIRA, to operate Defendant's vehicle.

35. At all times relevant hereto, Defendants, UNITED STATES OF AMERICA, and/or JIMMY MCKINNY, or their employees, agents or assigns, negligently, carelessly, and recklessly maintained and controlled its employees, agents or assigns, thereby causing the subject collision.

36. As a direct and proximate result of the aforesaid negligent actions of Defendants, UNITED STATES OF AMERICA, and/or JIMMY MCKINNY, breached the duty of reasonable care they owed to members of the general public, including the Plaintiff.

37. As a direct and proximate result of the aforesaid negligent actions of Defendants,

5

UNITED STATES OF AMERICA, and/or JIMMY MCKINNY, Plaintiff sustained great pain of body and mind, suffering, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage.

38. As a direct and proximate result of the aforesaid negligent actions of Defendants, UNITED STATES OF AMERICA, and/or JIMMY MCKINNY, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, including lost wages, loss of household services and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

39. As a direct and proximate result of the aforesaid negligent actions of Defendants, UNITED STATES OF AMERICA, and/or JIMMY MCKINNY, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

40. The acts and/or omissions set forth above would constitute a claim under the law of the State of Nevada.

41. The Defendant is liable pursuant to 28 USC 1346(b)(1).

**WHEREFORE**, Plaintiff prays for relief against the Defendants as follows:

1. Compensatory damages;

2. For attorney's fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

**DATED** this 24th day of June, 2022.

**LADAH LAW FIRM**

*/s/ Ramzy Paul Ladah, Esq.*

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
Attorney for Plaintiff