**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Deandre Michael Howard, | Case No.: 2:22-cv-1004-JAD-DJA |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss, Denying Motion for Leave to Amend, and Granting Motion to Stay Discovery** |
| United States of America; Jimmy McKinny; Mark Neira, | [ECF Nos. 8, 11, 13] |
| Defendants | |

This Federal Tort Claims Act (FTCA) case arises out of a June 29, 2020, car accident between Plaintiff Deandre Michael Howard and Federal Bureau of Investigation (FBI) employee Mark Neira. The government moves to dismiss this action as time-barred because Howard filed it more than six months after the agency denied his claim via letter on June 17, 2021, rendering it forever time-barred under 28 U.S.C. 2401.[1] Howard contends that the FBI's failure to include statutorily required notice-of-the-deadline language in that letter renders it a non-final decision incapable of triggering the six-month deadline, and he asks for leave to file an amended complaint to add this theory.[2]

The defendants have established that Howard, by the express allegations in this complaint, has pled himself out of a timely FTCA claim. 28 U.S.C. § 2401(b) states that "[a] tort claim against the United States shall be forever barred unless it is . . . begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the

---

[1] ECF No. 8.
[2] ECF No. 11.

claim by the agency to which it was presented."[3] Howard alleges in paragraph 5 of his complaint that the government "denied [his] claim on June 17, 2021, and thus deemed [sic] a final denial of the claim under 28 U.S.C. § 2675(a)."[4] Because his June 24, 2022, inception of this case was far outside this six-month deadline, his claims, as pled, are plainly time-barred. So I grant the motion to dismiss them.

But Howard contends in his countermotion for leave to file an amended complaint that the June 17, 2021, letter wasn't a final denial, and he asks for permission to amend his complaint to show that.[5] I deny Howard's motion because his failure to attach a proposed amended complaint as required by this district's local rule 15-1(a) leaves me unable to determine whether Howard can overcome this time bar with new facts. But I do so without prejudice to his ability to file a new motion to amend by December 19, 2022, that explains how and why new allegations can do so *and* attaches the required proposed draft. And because the question of whether this case will ultimately move forward or be forever time-barred remains unresolved, I grant the defendants' motion to stay discovery.[6] Discovery is stayed unless and until Howard files a proper motion for—and this court grants—leave to amend.

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 8] is GRANTED. This case is dismissed without prejudice.**

IT IS FURTHER ORDERED that the plaintiff's motion for leave to amend **[ECF No. 11] is DENIED without prejudice to his ability to file a new, proper motion for leave to amend by December 19, 2022.** If the plaintiff fails to do so, this court will deem that failure his

---

[3] 28 U.S.C. § 2401(b).
[4] ECF No. 1 at 2 (cleaned up).
[5] ECF No. 11.
[6] ECF No. 13.

concession that he cannot plead facts to overcome the lateness of his claims and will enter another order dismissing this case with prejudice as time-barred.

Finally, IT IS FURTHER ORDERED that the defendants' motion to stay discovery **[ECF No. 13] is GRANTED.  Discovery is stayed** unless and until Howard files a proper motion for—and this court grants—leave to amend.

_____
U.S. District Judge Jennifer A. Dorsey
December 7, 2022

3