JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
R. THOMAS COLONNA
Assistant United States Attorney
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.Colonna@usdoj.gov
Reem.Blaik@usdoj.gov
*Attorneys for Federal Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Deandre Michael Howard,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States of America; DOES I through X, inclusive and ROE Business Entities I through X, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-01004-JAD-DJA<br><br>**Federal Defendant's Motion for Leave to Extend Time to File Motion for Exception from Attendance Requirements for Settlement Conference**<br><br>**(First Request)** |

　　　　Pursuant to the Court's Orders (ECF Nos. 73–74) and Local Rules ("LR") 26-3 and IA 6-1, the United States of America, by and through the Federal Bureau of Investigations ("FBI") (collectively "Federal Defendant"), hereby respectfully moves this Court for an order granting leave of Court for Federal Defendant to file its Motion for Exception from Attendance Requirements for Settlement Conference ("Exception Motion"). The Exception Motion was due on October 25, 2024, but was inadvertently not filed due to a clerical mistake. Upon discovering this mistake, on October 28, 2024, Federal Defendant conferred with Plaintiff's Counsel, who consents to this requested extension. This is Federal Defendant's first requested extension.

### I. Introduction

　　　　The Court ordered a mandatory settlement conference in this matter, which is calendared for November 8, 2024, at 10:00 AM. *See* ECF Nos. 73–74. The Court's Order

Setting Settlement Conference requires "a representative with binding authority to settle this matter up to the full amount of the claim to be present for the duration of the SC," and that any requests for exceptions to such attendance requirements be made at least 14 days before the conference. *See* ECF No. 73 at p. 1. Federal Defendant intends to seek exception to this attendance requirement, and respectfully requests leave of Court to belatedly file this request due to excusable neglect.

## II. Points and Authorities

Federal Defendant respectfully moves for an order granting leave of Court to file its Exception Motion, due to excusable neglect. LR 26-3 states that "[an extension] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *See* LR 26-3. This Court has noted that excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence or omissions caused by carelessness. *See Wells v. McMahon*, No. 318-cv-00297-LRH-CBC, 2019 WL 1779566, at *5 (D. Nev. Apr. 22, 2019) (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)). In determining whether the excusable neglect standard has been met, courts examine four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Federal Defendant intends to request an exception to the representative attendance requirement outlined in the Court's Order Setting Settlement Conference (ECF No. 73). Such a request was due on October 25, 2024. *See* ECF Nos. 73–74. Federal Defendant's failure to file this request is excusable under the applicable four-factor test. First, allowing Federal Defendant to file its Exception Motion will not unfairly prejudice Plaintiff, as the Exception Motion will be filed on October 28, 2024 (one business day after the original deadline). Further, Plaintiff's Counsel consents to the filing of this instant motion. Moreover, Federal Defendant's Exception Motion will have no substantive effect on

Plaintiff, as the Exception Motion is a routine filing that only requests permission for the undersigned AUSAs to represent Federal Defendant at the settlement conference, rather than having multiple government officials (often from various locations) attend the conference. Federal Defendant's Exception Motion, if accepted, will not hinder the proceedings in this case—but rather expedite matters and also conserve resources. Second, the length of the delay and potential impact on proceedings are minimal, as the Exception Motion was due on Friday, October 25, and is now being filed on Monday, October 28. Third, Federal Defendant's delay was due to an inadvertent clerical issue. While the United States Attorney's Office's docketing system tracks deadlines, the attendance exception deadline was inadvertently not calendared following the rescheduling of the settlement conference from October 21, 2024, to November 8, 2024. *See* ECF Nos. 73–74. Federal Defendant's delay in seeking an exception to the attendance requirement was due a clerical calendaring error. This error was a regrettable mistake and was not done in disregard of this honorable Court's orders. Lastly, this motion is brought in good faith. Counsel for Federal Defendant sought to correct this issue as soon as it was discovered on October 28, and did so by immediately contacting Plaintiff's Counsel and filing this instant extension request. Federal Defendant ultimately seeks to conserve the time and resources of the Court and the parties by filing its Exception Motion. If leave is granted and the Exception Motion is granted, the undersigned AUSAs will fully participate in settlement discussions on behalf of Federal Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  Conclusion

Based on the foregoing, Federal Defendant respectfully moves this Court for an order granting leave of Court for Federal Defendant to file its Motion for Exception from Attendance Requirements for Settlement Conference, due to excusable neglect caused by an inadvertent clerical mistake.

Respectfully submitted this 28th day of October 2024.

JASON M. FRIERSON
United States Attorney

 /s/ Reem Blaik
R. THOMAS COLONNA
REEM BLAIK
Assistant United States Attorneys


**IT IS SO ORDERED:**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 10/29/2024