JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
R. THOMAS COLONNA
Assistant United States Attorney
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.Colonna@usdoj.gov
Reem.Blaik@usdoj.gov
*Attorneys for Federal Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Deandre Michael Howard,<br><br>        Plaintiff,<br><br>   v.<br><br>United States of America; DOES I through X, inclusive and ROE Business Entities I through X, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-01004-JAD-DJA<br><br>**Federal Defendant's Unopposed Motion for Exception from Attendance Requirements for Settlement Conference** |

The United States of America, by and through the Federal Bureau of Investigations ("FBI") (collectively "Federal Defendant"), moves for an exception to the requirements, as applicable, that the upcoming mandatory settlement conference be personally attended by a representative with authority to settle the matter up to the full amount of the claim. *See* ECF No. 73 at p. 1. Federal Defendant respectfully submits that this requirement is not practicable in this case, and that this kind of impracticability was contemplated by the advisory committee for the Federal Rules of Civil Procedure, as discussed below.

Federal Defendant requests approval to attend the settlement conference in person by the undersigned Assistant United States Attorneys, R. Thomas Colonna and Reem Blaik. These attorneys are assigned to the present case, and recommendations for any potential settlement will originate with them. Counsel for Federal Defendant conferred with Plaintiff's Counsel, who consents to the filing of this instant motion.

## I. Introduction

Plaintiff Deandre Michael Howard ("Howard") brings this tort action under the Federal Tort Claims Act ("FTCA") against Federal Defendant. *See* ECF No. 33. Howard alleges he sustained personal injuries from a motor vehicle accident involving an FBI employee, Special Agent Mark Neira. *See id.* The accident happened on June 29, 2020. *See id.* The Court scheduled the settlement conference for November 8, 2024, at 10:00 AM. *See* ECF No. 74.

## II. Points and Authorities

The federal government is unlike other litigants in terms of geographic breadth, nature of issues, and number of cases. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at the Department of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. *See* 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. *See United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012). The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil cases. This office has participated in many of them, in good faith, and consistent with the authority set forth in the applicable regulations. Recommendations (through the respective DOJ and client agency chains of command)

regarding any particular settlement proposal in this case will originate with the undersigned AUSAs.

Based on the reasons and circumstances above, Federal Defendant respectfully requests exception from the Order's requirements of personal attendance by a representative with binding settlement authority up to the full amount of the claims. In lieu of such requirements, the undersigned AUSAs will personally attend the settlement conference.

### III.  Conclusion

Based on the reasons and circumstances above, Federal Defendant respectfully requests that the Court grant this motion to allow the undersigned AUSAs to personally attend and participate in the settlement conference, in lieu of the personal attendance requirements otherwise set forth in the Order, ECF No. 73.

Respectfully submitted this 28th day of October 2024.

JASON M. FRIERSON
United States Attorney

 /s/ Reem Blaik
R. THOMAS COLONNA
REEM BLAIK
Assistant United States Attorneys


**IT IS SO ORDERED:**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE


**DATED:** 10/29/2024

3