UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DEANDRE MICHAEL HOWARD,

    Plaintiff,

v.

UNITED STATES OF AMERICA; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,

    Defendants.

Case No. 2:22-cv-01004-JAD-MDC

## AMENDED PRETRIAL ORDER

After pretrial proceedings, as well as a recent trial continuance (ECF Nos. 102–03) and related Status Conference regarding the new trial date (ECF No. 107), **IT IS SO ORDERED:**

### I.

Plaintiff Deandre Michael Howard ("Howard") brings this tort action under the Federal Tort Claims Act ("FTCA") against the United States of America ("Federal Defendant") (collectively the "Parties"). Plaintiff alleges he sustained personal injuries from a motor vehicle accident involving Special Agent Mark Neira ("SA Neira") of the Federal Bureau of Investigations ("Federal Defendant"), which happened on June 29, 2020.

### II.

The Court's subject matter jurisdiction arises under the FTCA, codified at 28 U.S.C. § 1346 *et. seq*. Because this is an FTCA case, the Court will be acting as the trier-of-fact. There will be no jury trial in this case. Venue is proper under 28 U.S.C. § 1391(b)(2).

### III.

The following facts are admitted by the Parties and require no proof:

1. Plaintiff and SA Neira were involved in a motor vehicle accident on June 29, 2020.

2. At the time of the accident, SA Neira was acting in the course and scope of his duties as an FBI employee.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.

**V.**

The following are the issues of fact to be tried and determined at trial:

1. The duty of care owed and to whom.
2. The actions or inactions taken to constitute a breach of duty of care.
3. The mechanism of the cause of the accident.
4. Whether, and to what extent, Plaintiff suffered injury and/or sustained damages from the accident.
5. The extent and quality of Plaintiff's pre-existing medical conditions.
6. Whether Plaintiff's alleged damages, if any, are attributable to medical conditions that pre-existed the accident.
7. Whether Plaintiff contributed to his own alleged damages.
8. Whether, and to what extent, Plaintiff incurred damages as a proximate cause of the negligence of himself and/or others.
9. The type and extent of damages claimed for (1) past medical expenses; (2) future medical expenses; (3) pain and suffering; and (4) lost wages and future earnings.
10. Whether Plaintiff's claim for medical damages were reasonably and necessarily incurred and caused by the accident.
11. Plaintiff's efforts to mitigate his alleged damages.

**VI.**

The following are the issues of law to be tried and determined at trial:

1. **Duty of Care.** Generally, everyone has a duty to exercise reasonable care when their conduct creates a risk of physical harm to others. Nev. J.I. 4.3. Negligence is the failure to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Id.* Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs to avoid

injury to themselves or to others. *Id.* The issues as to duty are:

    a. Whether the Parties owed a duty of care.

   **2.**    **Proximate Cause.** A proximate cause of injury, damage, loss, or harm is a cause which, in natural and continuous sequence, produces the injury, damage, loss, or harm, and without which the injury, damage, loss, or harm, would not have occurred. Nev. J.I. 4.4. The particular issues as to causation are:

    a. Whether a breach in the duty of care proximately caused the accident.

   **3.**    **Comparative Negligence.** A plaintiff may not recover damages if his comparative negligence contributed more to his injury than the negligence of the defendant. Nev. J.I. 4.8. However, if the plaintiff is negligent, the plaintiff may still recover a reduced sum, so long as his comparative negligence was not greater than the negligence of the defendant. *Id.* The particular issues as to comparative fault are:

    a. Whether Plaintiff was negligent (and if so, by what percentage).

    b. Whether Plaintiff's negligence was a substantial factor in causing his own harm.

    c. Does Plaintiff's percentage of negligence exceed the negligence of SA Neira, if any, barring recovery pursuant to NRS 41.141.(1).

    d. The percentage of negligence attributable to Plaintiff shall reduce the amount of such recovery by the proportionate amount of such negligence and the reduction will be made by the Court.

   **12.**    **Damages.** In determining losses, if any, suffered by Plaintiff as a proximate (legal) cause of the accident concerning (1) past medical expenses; (2) future medical expenses; (3) pain and suffering; and (4) lost wages and future earnings, the Court must take into consideration the nature, extent, and duration from the evidence and decide upon a sum to reasonably and fairly compensate reasonable and necessary medical expenses incurred in the past; reasonable and necessary medical expenses reasonably certain to incur in the future as a result of the accident; lost past and future earnings and earning capacity; pain and suffering; and loss of household services. *See* Nev. J.I. 5.1. Additional issues for the

Court's determination are as follows:

    a. Whether Plaintiff's injuries, if any, were caused by pre-existing medical conditions that existed prior to the accident. A person who has a condition or disability at the time of the accident is not entitled to recover damages therefor. *See* Nev. J.I. 5.3.

    b. Whether Plaintiff can prove loss of earnings and loss of future earning capacity caused by this accident, if any, with reasonable certainty. *See* Nev. J.I. 5.1(2).

    c. Whether Plaintiff can prove the reasonable value of household services performed by another, which, except for his injuries, if any, Plaintiff would ordinarily have performed but-for the injuries he sustained from the accident, if any, and the loss of such services which Plaintiff will be reasonably certain to experience in the future as a result of the injuries sustained in the accident, if any. *See* Nev. J.I. 5.1(3).

    d. Whether Plaintiff can prove with reasonable certainty that he experienced any pain, suffering, or loss of enjoyment of life as a result of the accident, if at all. *See* Nev. J.I. 5.1(5).

    e. Whether Plaintiff mitigated his alleged damages. *See* Nev. J.I. 13.49.

## VII.

The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

**1.**    **Stipulated Exhibits Agreed to By the Parties**

    1.    State of Nevada Traffic Report (US000938–45) (PLTF0001–6)
    2.    Las Vegas Fire/Rescue Records (US000925–27)
    3.    Motor Vehicle Accident Report (US000053–57)
    4.    Valley Hospital Medical Center Records (US000477–924) (PLTF0017–109)
    5.    Bone & Joint Specialists Records (US000372–410) (PLTF0017–109)
    6.    The Center for Wellness and Pain Care of Las Vegas Records (PLTF0138–212; US1029–83) (PLTF0137–212)
    7.    ZK Out Patient Rehabilitation Center (PLTF0417–656)
    8.    Desert Radiology Solutions Records (US000411–47) (PLTF0213–14)

    9.       Durango Outpatient Surgery Center Records (US001084–181) (PLTF0215–43)
    10.      Las Vegas Radiology Records (US0002277-370; US000448–76) (PLTF0244–66)
    11.      Multus Medical Records (US000095–371) (PLTF657; PLTF0748–905)
    12.      AMR Records (US000928–37)
    13.      Neurological Consulting PC Records (US000946–51) (PLTF0296–74)
    14.      Prove Partners Records (US000952–1028) (PLTF0340–416)
    15.      Las Vegas Neurological Institute Records (US001182–280) (PLTF0275–339)
    16.      SF95 Form and Power of Attorney Records (US000001–3)
    17.      FBI's Response to Plaintiff's SF95 Form (PLTF0007–16)
    18.      Accident Scene Photographs (US000032–34, 95) (PLTF0730–47)
    19.      Letter of Representation (US000010–12)
    20.      Kelly Bluebook Records (US000047–50)
    21.      J and M Auto Body Repair Records (PLTF0717–29)
    22.      Property Damage Documents (PLTF00007–16, 717–29)

**2.    Plaintiff's Exhibits & Federal Defendant's Objections**

At this time, Plaintiff does not intend to offer exhibits apart from those stipulated exhibits provided above. Should this change, Federal Defendant reserves its right to object.

**3.    Federal Defendant Exhibits & Plaintiff's Objections**

At this time, Federal Defendant does not intend to offer exhibits apart from those stipulated exhibits provided above. Should this change, Plaintiff reserves his right to object.

**4.    Electronic Evidence**

At this time, neither party anticipates presenting any electronic evidence. Should that change, the Court will be notified immediately.

**5.    Depositions**

    1.      Plaintiff will offer the following depositions: Plaintiff does not intend to offer page and line designations at this time for any deposition transcripts. In the event Plaintiff learns that a witness is unavailable to testify at trial, Plaintiff will notify all parties and the Court of page and line designations of the unavailable witness' deposition transcript to offer at trial. Plaintiff reserves the right to use deposition transcripts to refresh recollection, to impeach, and otherwise to use at trial in accordance with applicable rules, e.g., Fed. R. Civ. P. 32, and Fed. R. Evid. 801(d).

    2.      Federal Defendant will offer the following depositions: Federal Defendant

does not intend to offer page and line designations at this time for any deposition transcripts. In the event Federal Defendant learns that a witness is unavailable to testify at trial, Federal Defendant will notify all parties and the Court of page and line designations of the unavailable witness' deposition transcript to offer at trial. Federal Defendant reserves the right to use deposition transcripts to refresh recollection, to impeach, and otherwise to use at trial in accordance with applicable rules, *e.g.*, Fed. R. Civ. P. 32, and Fed. R. Evid. 801(d).

    3.    Objections To Depositions:

        a.    Plaintiff's Objections: None.

        b.    Federal Defendant's Objections: None.

## VIII.

The following witnesses may be called by the Parties at trial:

**1.    Plaintiff's Witnesses**

| Witness(es) | Witness(es) Address |
|---|---|
| Deandre Michael Howard | c/o Ladah Law Firm[1] |
| Cathy Howard | c/o Ladah Law Firm |
| George Michael Elkanich, MD/PMK (expert) | c/o Bone & Joint Specialists<br>2020 Palomino Lane<br>Las Vegas, Nevada 89106<br>(702) 474-7200 |

**2.    Federal Defendant's Witnesses**

Federal Defendant does not intend on calling Plaintiff's treating medical providers (excluding experts) on its direct case, but includes such providers in its witness list to be inclusive.

///

///

///

///

---

[1] Ladah Law Firm, 517 South Third Street, Las Vegas, Nevada, 89101, (702) 252-0055.

| Special Agent Mark Neira | c/o USAO-NV[2] |
|---|---|
| Officer Anthony Manginelli | c/o Las Vegas Metropolitan Police Department<br>400 South Martin Luther King Boulevard<br>Las Vegas, Nevada 89106<br>(702) 828-3111 |
| Adam Lorenzetti, M.D. (expert) | c/o USAO-NV |
| Benjamin Bjerke, M.D. (expert) | c/o USAO-NV |

## IX.

The attorneys have conferred and jointly offer the following trial date, pursuant to ECF No. 107:

    1.    May 21, 2025

It is expressly understood by the undersigned that the Court will set the trial of this matter on the above agreed-upon date. If not, the trial will be set at the convenience of the Court's calendar.

## X.

It is estimated that the trial will take a total three (3) trial days.

APPROVED AS TO FORM AND CONTENT:

/s/ Michael T. Nixon, Esq. and Ramzy Ladah, Esq.

**Counsel for Plaintiff**

/s/ Reem Blaik

**Counsel for Federal Defendant**

## XI.

## ACTION BY THE COURT

This case is set for court on the fixed/stacked calendar on May 19, 2025, at 9:00 a.m. Calendar call will be held on May 5, 2025, at 1:30 p.m.

///

---

[2] United States Attorney's Office for the District of Nevada, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada, 89101, (702) 388-6336.

        This pretrial order has been approved by the Parties to this action as evidenced by their signatures or the signatures of their counsel hereon, and the other is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the Parties' agreement or to prevent manifest injustice.

_____
UNITED STATES DISTRICT JUDGE
DATED: 3/6/2025