UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deandre Michael Howard,<br><br>    Plaintiff<br>v.<br><br>United States of America,<br><br>    Defendant | Case No.: 2:22-cv-01004-JAD-MDC<br><br>**Order Denying Plaintiff's Motion for Attorneys' Fees, Granting in Part Plaintiff's Bill of Costs, and Granting in Part the Defendant's Motion for Fees and Costs**<br><br>[ECF Nos. 122, 123, 124] |

  This Federal Tort Claims Act (FTCA) case arises out of a June 29, 2020, car accident between plaintiff Deandre Michael Howard and Federal Bureau of Investigation (FBI) agent Mark Neira. A bench trial on Howard's claims was set to begin in February 2025, but about 24 hours before day one of trial, Howard's counsel moved for a continuance, contending that he began experiencing symptoms from a traumatic brain injury he suffered months prior. I granted that continuance, and the United States of America now seeks reimbursement of $14,392.25 in fees and costs that it expended preparing for the delayed trial. I find that only $70.17 of the costs sought by the government are reasonable, so I grant the United States's motion in part.

  When trial eventually went forward with new plaintiffs' counsel in May 2025, I found that Neira was 100% liable for the accident and that the crash caused injuries to Howard's shoulder and spine. I awarded him $136,176.13 for his injuries and to compensate for his pain and suffering. Howard now seeks attorneys' fees and costs totaling $108,408.91. The United States argues that attorneys' fees cannot be awarded to a party who prevailed in a tort action against the United States and that many of Howard's requested costs are not permitted under federal law. Howard has not shown that he is entitled to attorneys' fees in this tort action, so I

deny his fees motion. But he has shown that he is entitled to $4,805.64 in costs associated with this action, so I grant his memorandum of costs. But I offset that sum by $70.17—the costs I award to the United States for Howard's counsel's last-minute continuance—so I award Howard $4,735.47 in costs.

**Discussion**

**A.   The United States is entitled to a fraction of its costs incurred because of Howard's last-minute continuance.**

The United States government seeks $14,392.25 in costs and fees it associates with Howard's last-minute trial continuance.[1] I previously concluded that "reimbursement of . . . reasonable expenditures" related to the delay was warranted, but I found that the $50,745.72 the United States previously sought was "grossly excessive and illogical."[2] The government's renewed motion pared down its requests to three categories: costs for expert Dr. Bjerke to re-prepare for trial, costs for expert Dr. Lorenzetti to re-prepare for trial (plus a nonrefundable hotel cancellation fee), and the value of AUSA Reem Blaik's time to prepare for the continued trial.

I find that $70.17—the amount of Dr. Lorenzetti's nonrefundable cancellation fee—is the only reasonable cost to assess here. Trial was delayed for approximately four months, and though that period of time may cause memories to fade, I do not find that the interests of justice demand passing onto Howard the high costs the experts charged to reacquaint themselves with the matter, or to assess Howard the value of the 50.9 hours that UASA Blaik spent repreparing for trial. But a nonrefundable hotel fee was unavoidable because of the last-minute nature of the

---

[1] ECF No. 122.
[2] ECF No. 120 at 8–9.

delay, so Howard should reasonably cover that cost. I thus offset Howard's cost award, calculated infra, by $70.17.

### B. Howard has not shown that he is entitled an attorneys' fees award against the United States under § 2412(b).

The parties agree that 28 U.S.C. § 2412, the attorneys' fees provision of the Equal Access to Justice Act (EAJA) governs Howard's fee motion. Subsection (b) of that statute provides that, "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States . . . ."[3] But § 2412(d) states that "a court shall award to a prevailing party other than the United States fees and other expenses, in additional to any costs . . . incurred by that party in any civil action (other than cases sounding in tort) . . . ."[4] Howard contends that this court has authority to award fees under subsection (b), while the United States contends that subsection (d) precludes that award because this is a tort action.

Ultimately, neither party is entirely correct. It is well established in this circuit that the mandatory fee-shifting language in § 2412(d) precludes an *automatic* award of attorneys' fees in tort actions.[5] But under § 2412(b), the court retains permissive authority to award fees "to the same extent that any other party would be liable under the common law . . . ."[6] And as the Ninth

---

[3] 28 U.S.C. § 2412(b).

[4] 28 U.S.C. § 2412(d).

[5] *See Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997); *Rodriguez v. United States*, 542 F.3d 704, 709 n.3 (9th Cir. 2008) (noting that § 2412(d) "does not apply to cases 'sounding in tort'" (quoting 28 U.S.C. § 2412(d)(1)(A)); *Lu v. United States*, 921 F.3d 850, 857 (9th Cir. 2019) (noting that the court had previously "vacated the district court's fee award to the extent it relied on 28 U.S.C. § 2412(d)(2)(A), because that section does not apply to tort actions like this one").

[6] 28 U.S.C. § 2412(b). The statute also permits a fee award "to the extent that any other party would be liable . . . under the terms of any statute that specifically provides for such an award."

3

Circuit has explained under similar circumstances, "[t]he common law allows a court to assess attorney's fees against a losing party that has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"[7] So although Howard is not entitled to fees under § 2412(d), he may be entitled to fees under § 2412(b) if he can show that the United States acted vexatiously or in bad faith during its defense of this action.

Howard suggests that the United States "entertained and brought to trial an unreasonable an[d] untenable position, likely brought in bad faith, that [Howard] was somehow contributorily negligent."[8] He also contends that the government's attempt to show that Howard "was not an eggshell plaintiff" was also not a good-faith argument.[9] He bolsters his argument by noting that this court held that Howard was an eggshell plaintiff and was 0% negligent after the bench trial.

---

*Id.* Howard does not propose any additional statutory authority that would entitle him to fees, so I consider only the court's inherent authority under common law.

[7] *Rodriguez*, 542 F.3d at 709 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)) (applying the bad-faith standard to the government's conduct in an FTCA case under § 2412(b)); *see also Lu*, 921 F.3d at 862 ("[The Ninth Circuit has] interpreted [§ 2412(b)'s] reference to the common law as including the common-law authority of courts to assess attorneys' fees pursuant to their inherent powers. Said otherwise, [§] 2412(b) codified the bad-faith exception to the 'American rule' against the award of attorney's fees and made that exception applicable in suits against the United States." (cleaned up)).

[8] ECF No. 128 at 3. Howard did not initially move for fees under the court's inherent authority. But in his reply, he appears to concede that to pursue fees under § 2412(b), he needs to show some common-law exception to the American Rule that litigants bear their own attorneys' fees. He mentions the "common benefit" and "common fund" exceptions to the traditional rule, but he only argues the bad-faith exception. *Id.* at 2–4. So I also limit my analysis to the bad-faith exception. I also acknowledge that, typically, arguments may not be raised for the first time in reply. But because Howard's argument could be construed as a response to issues raised in the government's opposition, I consider them.

[9] *Id.*

4

"An award of attorneys' fees under the bad-faith exception is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice."[10] "Mere recklessness does not alone constitute bad faith; rather, an award of attorney's fees is justified when reckless conduct is 'combined with an additional factor such a frivolousness, harassment, or an improper purpose.'"[11] An argument is frivolous if it is "so obviously wrong or so lacking in support that it [i]s groundless."[12]

Though the United States ultimately did not prevail on its contributory-negligence or eggshell-plaintiff arguments, there is no indication in the record that those arguments were utterly groundless. The United States pointed to evidence suggesting that Howard did not have his car's brake light or turn signal engaged.[13] Though the rest of the evidence didn't support that contributory-negligence theory, the defense rested on at least some evidentiary support. And while the United States's argument that Howard was not an eggshell plaintiff was weak, the government counsel supported its argument at closing with evidence showing that Howard delayed treatment following the accident and medical imaging that could support the theory that the accident didn't exacerbate a preexisting injury. I found those arguments insufficient, but they were not groundless. So because I cannot conclude that the United States pursued its defense of this case in bad faith, Howard is not entitled to attorneys' fees based on the common law's bad-faith exception and is thus not entitled to fees under § 2412(b). Howard does not identify any additional statutory or common-law authority that entitles him to fees, so I deny his motion.

---

[10] *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990) (cleaned up) (applying the bad-faith standard under § 2412(b)).

[11] *Rodriguez*, 542 F.3d at 709 (quoting *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001)).

[12] *Id.* (cleaned up).

[13] *See* ECF No. 120 at 3.

**C.      Howard is entitled to a fraction of the costs he seeks.**

Section 2412(a) does permit Howard to recoup some of his costs. That section provides that "a judgment for costs, as enumerated in § 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . ."[14] Section 1920 permits the court to tax six specific categories of costs.[15] The United States insists that § 2412(a) limits Howard to only those costs listed in § 1920 and no more.[16] But that argument was explicitly rejected by the Ninth Circuit in *National Organization for the Reform of Marijuana Laws v. Mullen*.[17] As noted in *Mullen*, the legislative history of § 2412(a) "indicates that [the section's] purpose is to cause the United States to pay all

---

[14] 28 U.S.C. § 2412(a)(1).

[15] 28 U.S.C. § 1920 (allowing costs for "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.").

[16] ECF No. 126 at 3–4.

[17] *Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 546 (9th Cir. 1987) ("[The opposing party] argues that 28 U.S.C. § 2412(a) limits costs assessable to the United States to those listed in 28 U.S.C. § 1920. This is incorrect."). The United States cites *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987), for the proposition that Howard is limited to the costs listed in § 1920. ECF No. 126 at 4. *Crawford* concerned a federal court's discretion to tax expert-witness costs in excess of that allowed by statute. The High Court concluded that, "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in § 1821 [the witness-reimbursement statute] and § 1920." *Crawford*, 482 U.S. at 445. *Crawford* did not analyze whether 28 U.S.C. § 2412(a) provides express statutory authorization to permit the taxation of costs beyond those found in § 1920. And the Ninth Circuit clearly didn't think that *Crawford*'s reasoning so limited costs under § 2412(a), since *Mullen* was decided after *Crawford*. So I don't find that *Crawford* forecloses the award of costs permitted by FRCP 54, but not § 1920.

costs that could be assessed an ordinary citizen."[18]  The only limitation in § 2412(a) is that costs taxed against the United States must "be limited to reimbursing in whole or in part the prevailing party for the costs incurred" during litigation.[19]  So I consider whether Howard has shown entitlement to his incurred costs under § 1920, but also under Federal Rule of Civil Procedure 54 and Local Rule (L.R.) 54, as I would when assessing costs against any other losing litigant.

**Process service costs:** Howard seeks $850 in costs for "process service [and service]."[20] Under L.R. 54-2, "[a]n authorized process server's fees are ordinarily taxable."  The United States objects to costs incurred to serve Special Agent Mark Neria, contending that "[t]he only proper defendant in an FTCA action is the United States" and thus it was unreasonable and unnecessary to serve Neria.[21]  It also argues that the parties stipulated to dismiss Neria and agreed in that dismissal that each party was to "bear its own attorney's fees and costs."[22]  The government's second argument is persuasive.  Neria and Howard agreed that each party would bear its own costs related to Neria's involvement in this action, so it would not be reasonable to pass those costs to the United States.  So I do not tax costs Howard incurred serving Neria.

Neither party discusses the $235 Howard incurred attempting to serve "Jimmy McKinny," who was named as a defendant because he was the apparent owner of the car Neria was driving during the accident.[23]  Howard later removed McKinny as a party, averring that the United States informed him after this case began that McKinney doesn't exist—he was a

---

[18] *Mullen*, 828 F.3d at 546.

[19] 28 U.S.C. § 2412(a).

[20] ECF No. 124 at 1.

[21] ECF No. 126 at 4.

[22] *Id.* at 5 (citing ECF No. 71).

[23] *See* ECF No. 124 at 7; ECF No. 1 at ¶ 8.

7

fictional identity used to protect FBI assets.[24] Because it appears that Howard believed McKinny was a legitimate defendant, and because he actually incurred the costs of attempting to serve him, I order the United States to pay those costs.[25]

Finally, Howard seeks $289 in costs incurred serving medical documents and subpoenas on his treating physician and medical expert, Michael Elkanich. The United States is correct that the $30 spent serving medical records is not "process service" as contemplated by the rule, so I do not include those costs. But I do include the costs of serving subpoenas on Dr. Elkanich. It is typical to subpoena treating physicians for their testimony at trial, and given Dr. Elkanich's dual role, it was not unreasonable for Howard's counsel to take that step here. So I award $259 for Howard's attempts to subpoena Dr. Elkanich.

**Cost of medical bills and records:** L.R. 54-6 covers costs for "exemplification, copies of papers, and disbursements for printing."[26] In this category, Howard includes $413.29 in costs incurred for obtaining copies of his medical records.[27] The United States argues that the costs are duplicative of costs for printing materials at trial and were for plaintiff's counsel's own use, so they are disallowed under L.R. 54-6(b)(3). But § 1920(4) permits an award of costs for "making copies of any materials where the copies are necessarily obtained for use in the case." Copies of Howard's medical records obviously fall under that category, and I do not find the

---

[24] ECF No. 11 at 6.

[25] To the extent that the United States opposes these costs because serving individual defendants is improper in FTCA suits against the government, I reject that argument. Under 28 U.S.C. § 2679, a suit against a federal employee doesn't become a suit against the United States until the Attorney General certifies "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Howard was entitled to serve the individual defendants before any such certification was made.

[26] L.R. 54-6.

[27] ECF No. 124 at 14–21.

8

costs of obtaining those copies from medical institutions duplicative of copies made for use at trial. But I subtract $61.62 from these costs because that amount was invoiced to Howard's prior attorney two years before this case commenced.[28] So Howard is awarded $ 351.67 in costs incurred to obtain his medical records.

**Deposition Transcripts:** L.R. 54-4 permits an award of costs for "the cost of a deposition transcript, either the original or a copy, but not both, whether taken solely for discovery or for use at trial; reasonable costs of a deposition reporter . . . ; [and] reasonable costs for videography . . . ."[29] The United States agrees that the $2,117.23 Howard incurred to depose Agent Neria, Dr. Bjerke, Dr. Elkanich, and Officer Anthony Manginelli is taxable.[30] But it disputes the videographer's costs for Neria's deposition, contending that they are duplicative. The Local Rules, however, permit the costs of a transcript copy *and* the reasonable costs for videography. So I include the videographer's charges, but I do not include the $15 charge to deliver a copy of the video deposition because delivery fees are disallowed by L.R. 54-4(b)(2). I also omit charges included in this category that are not related to depositions or were inadvertently included from another case.[31] So I tax $2,367.23 in deposition costs under Local Rule 54-4.

**Expert Fees.** Howard seeks $29,250.00 in expert fees and costs. He argues that 28 U.S.C. § 2412(d)(1)(D)(2)(A) permits the award of these costs. But, as explained supra, Howard

---

[28] *Id.* at 15.

[29] L.R. 54-4.

[30] ECF No. 126 at 7.

[31] *See* ECF No. 124 at 27 (deposition of person unrelated to this case), 28 (medical record costs), 29 (attorney work-product costs), 31 (duplicate cost).

9

is not entitled to fees or costs under § 2412(d) in this tort case.[32]  And because the Local Rules do not permit the recovery of expert-witness costs, I disallow the majority of that category.  The only costs I award are reduced amounts for the deposition attendance of Dr. Burke and the half-day of trial testimony from Dr. Elkanich.[33]  28 U.S.C. § 1821 allows an "attendance fee of $40 per day for each day's attendance" at trial or a deposition.[34]  Two invoices reflect charges for attendance, so I award Howard $80 under the witnesses category.

**Trial copies.**  Howard seeks $2,221.47 in costs for preparing trial binders and printing documents for trial.  L.R. 54-6 permits the "costs of copies of trial exhibits for the judge and opposing parties" but does not award costs for "the costs of copies obtained for an attorney's own use."[35]  The United States contends that it should pay only half of that bill because two of those binders were for the court and the government, but the other two were for the "attorney's own use" at trial.[36]  Howard contends that the remaining binders weren't "for attorney use," they were for "use at trial."[37]  But they were for *the attorneys' use at trial*, so I cannot award costs for those copies under L.R. 54-6(b)(3).  I thus award $1,110.74 for two copies of trial binders.

**Other copies.**  Howard seeks $1,119.20 for other printing costs.  Costs under L.R. 54-6 must be supported with an "itemization of costs" containing "a detailed description of the

---

[32] *See supra* at 3–4.

[33] ECF No. 124 at 37, 39.

[34] 28 U.S.C. § 1821(a)(1), (b).

[35] L.R. 54-6(a)(2), (b)(3).

[36] ECF No. 126 at 9.  Confusingly, the United States says it should only pay $555.37, which is the cost of one set of trial binders, not two.  But it maintains that "plaintiff's bill should . . . be halved." *Id.*  Because I find that assessing the costs of two binders is reasonable, I don't address this discrepancy further.

[37] ECF No. 128 at 6.

specific nature of the costs and, when available, documentation to support the costs."[38] Howard does not satisfy this requirement. His support for these costs merely states that his lawyers spent a certain sum of money on scanning, printing, faxing, and copying, with no explanation of what those scans, prints, faxes, or copies were for.[39] In reply, Howard explains only that "[t]hese were copies of disclosures, discovery responses, and exhibits that were scanned in to be served to Defense."[40] I cannot conclude that those types of copies fall under any of the enumerated categories in L.R. 54-6(a). Because Howard doesn't properly itemize these costs, I decline to award them.

**Court filing fees.** Howard also seeks $428 in "court filing fees."[41] Those costs are explicitly allowed under 28 U.S.C. § 1920(1), which permits an award of "fees of the clerk and marshal," and I conclude that filing fees fall under that category. But the docket reflects only $402 in filing fees—it appears that the other $26 Howard seeks are PACER fees. L.R. 54-6(b)(2) excludes from taxation "[t]he costs and page fees for electronic access to court records." Because that appears to be what Howard's PACER fees are, I exclude those costs. So I award Howard $402 to reimburse his filing fee.

In sum, I find that Howard is entitled to $4,805.64 in costs associated with this action. And I deduct $70.17—the costs I award to the United States for Howard's counsel's last-minute continuance as an offset. So I award Howard a total of $4,735.47.

---

[38] L.R. 54-6(c).
[39] *See* ECF No. 124 at 46.
[40] ECF No. 128 at 6.
[41] ECF No. 124 at 2.

**Conclusion**

IT IS THEREFORE ORDERED that Howard's motion for attorneys' fees **[ECF No. 123] is DENIED.**[42]

IT IS FURTHER ORDERED that Howard's costs **[ECF No. 124] are TAXED against the United States at $4,735.47**.  The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT reflecting this award.

IT IS FURTHER ORDERED that the government's renewed motion for attorneys' fees and costs **[ECF No. 122] is GRANTED in part.**  $70.17 in costs associated with a nonrefundable hotel cancellation fee has been deducted from Howard's assessed costs.

_____
U.S. District Judge Jennifer A. Dorsey
November 3, 2025

---

[42] The court reminds plaintiff's counsel that, under 28 U.S.C. § 2678, attorneys' fees in FTCA actions are limited to 25% of any judgment rendered.  28 U.S.C. § 2678; *Campbell v. United States*, 835 F.2d 193, 196 (9th Cir. 1987) ("The [FTCA] recognizes that attorneys' fees in tort actions are often paid through contingency fee arrangements, and limited those fees to a percentage of the settlement or judgment amount.").